No. 23-60264

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


UNITED STATES OF AMERICA
Plaintiff-Appellee

v.

JOHN PEDELAHORE
Defendant-Appellant


Appeal from the United States District Court
For the Southern District of Mississippi
Cause No. 1:15cr24-LG-RHW-1

---
**BRIEF FOR APPELLANT**
---

**Omodare B. Jupiter** (MB #102054)
Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar Street, Suite 200-N
Jackson, MS  39201
Telephone:  601-948-4284
Facsimile:  601-948-5510

**Leilani Leith Tynes** (MB #100074)
Assistant Federal Public Defender
2510 14th Street, Suite 902
Gulfport, Mississippi 39501
Telephone:  228-865-1202
Facsimile:  228-867-1907

Attorneys for Defendant-Appellant

## CERTIFICATE OF INTERESTED PARTIES

The undersigned certifies that the following persons have an interest in the outcome of this case:

1. John Pedelahore, Defendant-Appellant;

2. Darren J. LaMarca, United States Attorney, Southern District of Mississippi, Jackson, Mississippi;

3. Andrea C. Jones, Assistant United States Attorney, Southern District of Mississippi, Jackson, Mississippi;

4. Johnathan D. Buckner, Assistant United States Attorney, Southern District of Mississippi, Jackson, Mississippi;

5. Kathlyn Rose Van Buskirk, Assistant United States Attorney, Southern District of Mississippi, Jackson, Mississippi;

4. Gaines H. Cleveland Assistant United States Attorney, Southern District of Mississippi, Jackson, Mississippi;

5. Omodare B. Jupiter, Federal Public Defender, Northern and Southern Districts of Mississippi, Jackson, Mississippi;

6. Leilani L. Tynes, Assistant Federal Public Defender, Southern District of Mississippi, Jackson, Mississippi; and

7. Honorable Louis Guirola, Jr., United States District Judge, Jackson, Mississippi.

i

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

> s/ *Leilani L. Tynes*
> **Leilani L. Tynes**
> Assistant Federal Public Defender

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested in this case. By refraining from requesting oral argument, the undersigned is not minimizing the validity and importance of Mr. Pedelahore's argument(s) on appeal. The undersigned, however, recognizes the value of the Court's time and believes that the issue(s) can be resolved on the written briefs.

# TABLE OF CONTENTS

page:

CERTIFICATE OF INTERESTED PARTIES ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS..................................................................................iv

TABLE OF AUTHORITIES ...............................................................................v

I. JURISDICTIONAL STATEMENT ................................................................1

II. STATEMENT OF ISSUE PRESENTED FOR REVIEW...................................2

III. STATEMENT OF THE CASE.....................................................................3

   A. Relief sought on appeal............................................................................3

   B. Procedural history....................................................................................3

   C. Statement of facts ....................................................................................5

IV. SUMMARY OF ARGUMENT....................................................................7

V. ARGUMENT ..............................................................................................8

   A. Standard of review ..................................................................................8

   B. **The sentence imposed was substantively unreasonable** ................................8

VI. CONCLUSION........................................................................................11

CERTIFICATE OF SERVICE .........................................................................12

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .......................................13

# TABLE OF AUTHORITIES

page(s):

cases:

*United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) .................................8

*United States v. Granderson*, 511 U.S. 39, 50 (1994) ..............................................9

*United States v. Johnson*, 529 U.S. 53, 59 (2000) ....................................................9

*United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)......................................8

*United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013)....................................8

*United States v. Winding,* 817 F. 3d 910, 914 (2016)...............................................8

statutes:

18 U.S.C. § 2422(b) ...................................................................................................3

18 U.S.C. § 3231 ........................................................................................................1

18 U.S.C. § 3742(a) ...................................................................................................1

U.S.C. § 3553 (a) .......................................................................................................5

18 U.S.C. § 3582.........................................................................................................5

28 U.S.C. § 1291........................................................................................................1

28 U.S.C. § 2255........................................................................................................4

rules:

Fed. R. App. P. 32....................................................................................................13

**Other:**

U.S.S.G. § 7B1.4 ..................................................................................................9

Howard E. Barbaree *et al.*, *Canadian Psychological Association Submission to the Senate Standing Senate Committee on Legal and Constitutional Affairs* 6 (Jan. 2012) ..................................................................................................................9

## I.  JURISDICTIONAL STATEMENT

This is an appeal from a judgment in a criminal case for revocation of supervised release entered on May 15, 2023, following a revocation hearing on May 11, 2023, in the United States District Court for the Southern District of Mississippi. ROA.265-270. The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Timely Notice of Appeal was filed on May 17, 2023. ROA.271-272.

## II. STATEMENT OF ISSUE PRESENTED FOR REVIEW

The sentence imposed upon Mr. Pedelahore by the district court was substantively unreasonable.

### III.  STATEMENT OF THE CASE

**A.   Relief sought on appeal.**

Mr. Pedelahore requests that this Honorable Court vacate the sentence imposed by the district court and remand this case for resentencing.

**B.   Procedural history.**

A Federal Grand Jury for the Eastern District of Louisiana indicted Mr. Pedelahore for violation of 18 U.S.C. § 2422(b). Indictment, ROA.17-20.  On May 10, 2005, Mr. Pedelahore pled guilty to a one-count indictment charging him with using the internet to coerce and entice a minor for illegal sexual activity, in violation of 18 U.S.C. § 2422(b).  ROA.21-24.  On August 16, 2005, the district court sentenced Mr. Pedelahore, to 60 months imprisonment and five years of supervised release.  ROA.21-24.  After serving his debt to society, Mr. Pedelahore was released from prison. Mr. Pedelahore's supervision commenced fourteen years ago on August 3, 2009. ROA.30.

Jurisdiction of Mr. Pedelahore's supervised release was transferred to the Southern District of Mississippi on March 23, 2015. ROA.16. On March 30, 2015, a revocation petition was filed alleging that John Pedelahore had violated the terms of his supervised release. ROA.30-33. In a 2015 hearing, Mr. Pedelahore's counselor Dr. Strebeck testified that Mr. Pedelahore has an addictive disorder, but has been unable to receive needed specialized, one-on-one treatment because the U.S.

Probation Office only authorized group therapy. ROA.298-301. Dr. Strebeck noted that Mr. Pedelahore was "amenable to treatment" and "welcome and receptive" to treatment. ROA.303. Mr. Pedelahore pled guilty and was sentenced to three months in prison and ten years supervised release on April 16, 2015. ROA.49-53. Mr. Pedelahore filed a timely notice of appeal on April 29, 2015. ROA.56-57. On March 18, 2016, Mr. Pedelahore's sentence was affirmed by this Court. ROA.64-67. On January 5, 2017, a revocation petition was filed alleging Mr. Pedelahore had violated the terms of his supervised release by acquiring a cellular phone, accessing the internet, and not answering truthfully when asked if he had accessed the internet. ROA.68-71. Mr. Pedelahore admitted guilt and was sentenced to two years in prison and eight years supervised release on February 6, 2017. ROA.93-98. On July 17, 2017, Mr. Pedelahore filed a pro se motion arguing the restrictions of his use of the internet denied him his constitutional right to free speech which the court construed as a 28 U.S.C. 2255 motion. ROA.99-111. The court denied his 2255 motion and denied a certificate of appealability. ROA.250-254. On May 1, 2023, a third revocation petition was filed alleging that Mr. Pedelahore had accessed the internet and not been truthful about the access when asked. ROA.255-258. Mr. Pedelahore pled guilty and was sentenced to thirty months in prison and eight years supervised release on May 15, 2923. ROA.265-270. Mr. Pedelahore filed a timely notice of appeal on May 17, 2023. ROA.271.

C. **Statement of facts.**

On May 11, 2023, the district court held a revocation hearing. ROA.334. John Pedelahore took responsibility and admitted the allegations. ROA.337-338. Probation Officer Brandon Bang testified that he observed Mr. Pedelahore with a cell phone on an unannounced visit. ROA.34. Mr. Pedelahore admitted he owned the iPhone. ROA.342. There was nothing illegal on the iPhone. ROA.346. One of the applications on the iPhone was medical-related. ROA.348. John Pedelahore's sister Jaimee Pedelahore testified that her brother suffers from significant medical issues, and he does not leave the house. ROA.353-354. The district court considered the evidence, the policy statements, and the sentencing factors under 18 U.S.C. § 3553 (a) and 18 U.S.C. § 3582 and sentenced Mr. Pedelahore to thirty months in the Bureau of Prisons and eight years of supervised release. The court imposed the following conditions of supervised release:

> Number 1: The defendant shall participate in a program of mental health treatment and monitoring of sex offenders as directed by the probation officer. The defendant shall contribute to the cost of treatment in accordance with the probation office co-payment policy.
>
> Number 2: At the direction of the supervising probation officer, the defendant shall submit to polygraph examinations by a licensed polygraph examiner as directed by the United States Probation Office and shall pay the cost of such examination.
>
> Number 3: This defendant is prohibited from using any internet-capable device or computer, including computers at businesses, private homes, libraries, schools, or other public locations, unless granted permission in advance by the supervising United States Probation Officer.

> Number 4: The defendant shall not access any computers or other forms of wireless communications via third parties.
>
> Number 5: The defendant shall not obtain or maintain employment in any capacity wherein he has access to computers or televisions or other instruments of communication equipped with online Internet or World Wide Web access unless granted permission in advance by the supervising probation officer.
>
> Number 6: The defendant shall submit to a search at any time, with or without a warrant, by any law enforcement officer or probation officer of his person and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media and effects, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant by any probation officer in the lawful discharge of that officer's supervision functions.
>
> Number 7: The defendant shall register as a sex offender and keep the registration current in each jurisdiction where he resides, where he is an employee, where he may be a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which he was convicted if such jurisdiction is different from the jurisdiction of his residence. The defendant shall, of course, abide by the residence restrictions for sex offenders' registration program in any state or area in which he may reside.

ROA.376-378. The court noted the sentence was above the sentencing guidelines to deter future criminal conduct, to protect the community and to control the defendant's conduct. ROA.375-376.

## IV. SUMMARY OF THE ARGUMENT

In imposing the sentence of thirty months in custody and eight years of supervised release the district court failed to account for mitigating factors that should have received significant weight and erred in balancing the statutory sentencing factors. Because of these errors, the sentence is "greater than necessary" to effectuate the goals of sentencing and should be vacated.

# V.  ARGUMENT

**A.   The sentence imposed by the district court was substantively unreasonable.**

**1.  Standard of review:**

Revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Under this standard, this Court evaluates whether the district court procedurally erred before it considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.* (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)).  "A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Winding,* 817 F. 3d 910, 914 (2016) (quoting *United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013).

**2.  Argument: the sentence imposed was substantively unreasonable**

The Fifth Circuit found "the goal of revocation is to punish a defendant for violating the terms of the supervised release." *Miller*, 634 F.3d at 843. In this case, Mr. Pedelahore admitted violating the conditions of his supervised release. However, there was nothing illegal on the iPhone. ROA.346. The violations leading to Mr. Pedelahore's revocation involved only Grade C violations, which

are the least serious recognized by the Policy Statements governing supervised release. U.S.S.G. § 7B1.4. While it is true that Mr. Pedelahore accessed the internet and failed to disclose such access to his probation officer, his use of the internet was not criminal in nature.

The United States Supreme Court has noted that the purpose of supervised release is rehabilitation *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("supervised release fulfills rehabilitative ends, distinct from those served by incarceration"); *United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration.")

"Psychology researchers have identified effective methods, or 'what works', to reduce crime –the overwhelming consensus of the literature is that treatment works, incarceration does not." Howard E. Barbaree *et al.*, *Canadian Psychological Association Submission to the Senate Standing Senate Committee on Legal and Constitutional Affairs* 6 (Jan. 2012) In a 2015 hearing, Mr. Pedelahore's counselor Dr. Strebeck testified that Mr. Pedelahore has an addictive disorder, but has been unable to receive needed specialized, one-on-one treatment because the U.S. Probation Office only authorized group therapy. ROA.298-301. Dr. Strebeck noted that Mr. Pedelahore was "amenable to treatment" and "welcome and receptive" to treatment. ROA.303. Mr. Pedelahore's being amenable to treatment is a mitigating factor. Despite the lack of proper treatment, Mr. Pedelahore has

engaged in no criminal activity since his supervision commenced. Accordingly, the district court's sentence was an unreasonably harsh and a disproportionate response to Mr. Pedelahore's conduct and should be vacated.

## VI.  CONCLUSION

For the foregoing reasons, Mr. Pedelahore requests that this Honorable Court vacate the sentence imposed by the district court and remand this case for resentencing.

Submitted August 07, 2023.

**Omodare B. Jupiter**
Federal Public Defender

s/ *Leilani L. Tynes*
**Leilani L. Tynes**
Assistant Federal Public Defender
Southern District of Mississippi
200 S. Lamar Street, Suite 200-N
Jackson, MS  39201
Telephone:  601-948-4284
Facsimile:   601-948-5510

Attorney for Defendant-Appellant

# CERTIFICATE OF SERVICE

I, Leilani L. Tynes certify that on August 07, 2023, a copy of the Brief for Appellant was filed via this Court's electronic case filing system, which in turn forwarded electronic copies of the Brief to all counsel of record in this case. A copy of the Brief for Appellant was emailed directly to the government's lead counsel on the appeal of this case – Assistant United States Attorney Gaines H. Cleveland – at gaines.cleveland@usdoj.gov. Also, a copy of the Brief for Appellant was delivered via United States Mail, postage prepaid to appellant John Pedelahore.

s/ *Leilani L. Tynes*
**Leilani L. Tynes**
Assistant Federal Public Defender

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this document contains 1635 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionately spaced typeface using Microsoft Word in 14-point font size and Times New Roman type style.

s/ *Leilani L. Tynes*
**Leilani L. Tynes**
Assistant Federal Public Defender
